LittletoN, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover a total of $7,290.11 as damages, representing, for the most part, alleged expense and overhead for delays during the performance of the contract, which delays are claimed by plaintiff to have been brought about and caused by the defendant, and for which it is alleged the defendant should respond in damages. The amount of $84.70 of the claim represents the cost of alleged extra work for grinding certain bricks to make beveled corners at certain places in the building, and $198 is for alleged loss on extra footing and foundation work.
Plaintiff’s claim for damages for delay is based upon (1) the superintendent’s salary of $50 a week, or $7.15 a day; (2) alleged overhead expense of $88.43 a month, or $2.95 per day, plus $150 a month, or $5 a day on account of the president’s salary of $200 a month; (3) expense of $294 for three round trips of plaintiff’s president to Gallup between October 28,1932, and January 30, 1933, and $38 for one trip-to Albuquerque July 19, 1933; (4) one half, or $25 a montlx (831/3 cents a day) of salary of a Washington representative; (5) loss of $198 on proposal for extra foundation footing-work; (6) temporary heating expense of $635.72; and *446 (7) 20% inefficiency of labor clue to cold weather, amounting to $1,594.29.
Oh this basis plaintiff claims damages of $1,791.73 for 94 •days’ delay (including three trips to Gallup from California) between October 28, 1932, and January 30, 1933. It claims $1,850.07 for 104 days’ delay (including $198 alleged loss on footings) during the period March 8 to July 5, 1933. It claims $1,328.60 (including the trip to Albuquerque) for delay of 81 days between May 23 and August 12,1933. These amounts, plus the alleged loss of $1,594.29 for alleged inefficiency of labor and $635.72 for temporary heat during the winter of 1933-34, and alleged extra work of $84.70 herein-before mentioned, make the total sum claimed of $7,290.11.
With the exception of the items of $84.70 for alleged extra work, and $198 alleged loss on extra footing work, the question of whether plaintiff is entitled to recover all or a part of what it claims is one of fact — namely, did the defendant unreasonably delay plaintiff in the proper performance of the work in such a way and under such circumstahces as to render it liable to plaintiff for damages on account thereof ? We are ■of opinion that it did not. The record in all of its phases has been carefully studied, and the evidence as a whole shows that the delays, to tlie extent to which they might be considered in any way unreasonable, were brought about and caused by the plaintiff.
The essential facts as established by the record are set forth in the findings, and no useful purpose would be served by a discussion of them here. Neither the construction engineer nor the contracting officer acted unreasonably or arbitrarily. The contracting officer was liberal in his allowances of extensions of time to plaintiff' and, in the exercise of his discretion under section 21 of the act of June 6,1902, supra, in waiving liquidated damages. Plaintiff’s claims for damages for ■delay are therefore denied.
The work, for which plaintiff claims $84.70 as an extra, of grinding brick to provide chamfers or beveled corners, was •called for and required by the contract. The original specifications which contemplated concrete walls called for certain beveled corners, as did the addendum calling for a bid for brick walls. The contract price of $77,590 as agreed upon *447 and tbe contract as made called for brick walls. Tbe decisions of tbe construction engineer and the contracting officer that this was not extra work under tbe contract were correct under paragraph 29 of the specifications and Article 15 of the contract.
Tbe alleged loss of $198 for tbe extra footing work and materal cannot be allowed. Tbe amount of $1,000 to be allowed and paid for this work was agreed upon by the parties and was allowed and paid in tbe change order under and in accordance with Articles 4 and 5 of tbe contract.
Plaintiff is not entitled to recover, and tbe petition is dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.